STAN ROMAN (State Bar No. 87652)
MARI S. CLIFFORD (State Bar No. 331152)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:    ef-sgr@cpdb.com
          ef-msc@coblentzlaw.com

Attorneys for Defendant
PRICEWATERHOUSE COOPERS ADVISORY
AUSTRALIA PTY LTD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TRUTAG TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSE COOPERS ADVISORY AUSTRALIA PTY LTD,<br><br>Defendant. | Case No. 4:21-cv-02943-YGR<br><br>**DEFENDANT PRICEWATERHOUSE COOPERS ADVISORY AUSTRALIA PTY LTD'S ANSWER TO PLAINTIFF TRUTAG TECHNOLOGIES, INC.'S COMPLAINT**<br><br>Trial Date:    None Set |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant PRICEWATERHOUSE COOPERS ADVISORY AUSTRALIA PTY LTD ("Defendant") answers the Complaint of Plaintiff TruTag Technologies, Inc. ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Defendant admits that it executed a term sheet with Plaintiff and that it sent Plaintiff a notice of termination of the term sheet. Except as so admitted, Defendant denies the allegations contained therein.

2. Answering Paragraph 2, Defendant admits that the amount in controversy exceeds $75,000. The remainder of Paragraph 2 contains legal conclusions and argument as to which no response is required.

3. Answering Paragraph 3, Defendant admits that it executed a term sheet with Plaintiff which speaks for itself. The remainder of Paragraph 3 contains legal conclusions and argument as to which no response is required.

4. Answering Paragraph 4, Defendant admits that it executed a term sheet with Plaintiff and communicated with Plaintiff by email and telephone from Australia about matters related to it. The remainder of Paragraph 4 contains legal conclusions and argument as to which no response is required.

5. Answering Paragraph 5, Defendant admits that it executed a term sheet with Plaintiff and communicated with Plaintiff by email and telephone from Australia about matters related to it. The remainder of Paragraph 5 contains legal conclusions and argument as to which no response is required.

6. Answering Paragraph 6, Defendant presently lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

7. Answering Paragraph 7, Defendant admits that it is an Australian company with its principal place of business located at "Tower One International Towers Sydney" Level 17, 100 Barangaroo Avenue, Barangaroo, NSW 2000, Australia.

8. Answering Paragraph 8, Defendant presently lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

9. Answering Paragraph 9, Defendant presently lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

10. Answering Paragraph 10, the document speaks for itself. Defendant admits that on or about September 25, 2018 Defendant executed a term sheet with the Plaintiff and that Defendant was developing an alliance and network of companies and technologies to develop software, systems and services for the food and beverage products industry, including having built the Food Trust Platform, a commodity supply chain software platform, to track products through

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1  supply chains and provide market data about those products.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

11. Answering Paragraph 11, the document speaks for itself.  Defendant denies any characterization of the document that is contrary to or inconsistent with it.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

12. Answering Paragraph 12, the document speaks for itself.  Defendant denies any characterization of the document that is contrary to or inconsistent with it.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

13. Answering Paragraph 13, the document speaks for itself.  Defendant denies any characterization of the document that is contrary to or inconsistent with it.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

14. Answering Paragraph 14, the document speaks for itself.  Defendant denies any characterization of the document that is contrary to or inconsistent with it.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

15. Answering Paragraph 15, the document speaks for itself.  Defendant denies any characterization of the document that is contrary to or inconsistent with it.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

16. Answering Paragraph 16, Defendant admits that there were discussions between Plaintiff and Defendant about potential business projects against which the NRE Reservation Fee could be applied but otherwise says it presently lacks sufficient knowledge or information to form a belief concerning the truth of the balance of the factual allegations contained therein, and on that basis denies those allegations contained therein.

17. Answering Paragraph 17, Defendant admits that it received an invoice from Plaintiff for $350,000 on July 15, 2019 with an email stating that spreading out payments would be "fine." As to the allegations concerning Plaintiff's subjective beliefs, Defendant presently lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein, and on that basis denies each and every allegation contained therein.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

18. Answering Paragraph 18, Defendant admits that Plaintiff submitted to Defendant an invoice or invoices listing various payment amounts as well as emails with varying payment amounts and times as well as liability for payment being conditional on Defendant securing customer contracts. As to the allegations concerning Plaintiff's subjective beliefs, Defendant presently lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein, and on that basis denies each and every allegation contained therein. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

19. Answering Paragraph 19, Defendant admits that on June 2, 2020 Mr. Trent Lund sent an email to Plaintiff which speaks for itself. Defendant denies that that Mr. Lund inaccurately stated that all outstanding invoices had been paid. Otherwise, Defendant presently lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained within the referenced email and on that basis denies such allegations.

20. Answering Paragraph 20, Defendant admits that Plaintiff engaged in discussions with Defendant and Mr. Trent Lund regarding his company Unlocked Ventures and its relationship with Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

21. Answering Paragraph 21, Defendant admits that it made a $130,000 payment to Plaintiff and that it sent a letter containing the quoted language. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

22. Answering Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

23. Answering Paragraph 23, Defendant admits it received a letter from TruTag on October 16, 2020 and on February 23, 2021, which letters speak for themselves. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

24. Answering Paragraph 24, Defendant admits that its counsel sent a letter to Plaintiff dated March 15, 2021, which speaks for itself, and that Defendant has made payments to Plaintiff

of $180,000 on or about the dates alleged. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

25. Answering Paragraph 25, Defendant denies that it engaged in a "breach" which damaged Plaintiff in the amounts alleged, or in any other amount.

26. Answering Paragraph 26, Defendant incorporates by reference its answers to all previously pled allegations, including in Paragraphs 1 through 25.

27. Answering Paragraph 27, Defendant admits that it executed a term sheet with Plaintiff. The remainder of Paragraph 27 contains legal conclusions and argument as to which no response is required.

28. Answering Paragraph 28, Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29, the document speaks for itself. Defendant denies any characterization of the document that is contrary to or inconsistent with it. The remainder of Paragraph 29 contains legal conclusions and argument as to which no response is required.

30. Answering Paragraph 30, Defendant admits that it did not make all the payments that are listed in the Term Sheet. The remainder of Paragraph 30 contains legal conclusions and argument as to which no response is required. Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

31. Answering Paragraph 31, Defendant denies that it engaged in a "breach" which damaged Plaintiff in the amounts alleged, or in any other amount.

32. Answering Paragraph 32, Defendant incorporates by reference its answers to all previously pled allegations, including in Paragraphs 1 through 31.

33. Answering Paragraph 33, the document speaks for itself. The remainder of Paragraph 33 contains legal conclusions and argument as to which no response is required. Defendant denies any characterization of the document that is contrary to or inconsistent with it. Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

34. Answering Paragraph 34, Defendant denies each and every allegation therein.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

35. Answering Paragraph 35, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that further investigation and discovery indicate are proper.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

As a separate and first affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that each cause of action in the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff acted with unclean hands in that Plaintiff led Defendant to believe that it would not have to pay amounts alleged to be due because of an alternate agreement Plaintiff made with a third party, but months later Plaintiff changed its position.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint and the purported causes of action set forth therein are barred, in whole or in part, by the doctrine of laches because Plaintiff waited an unreasonably extended period of time to sue which has prejudiced Defendant's ability to defend itself.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges the Complaint and the purported causes of action set forth therein are barred, in whole or in part, because Plaintiff has through its representations and/or conduct waived its right to sue.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges Plaintiff is barred, in whole or in part, from pursuing the purported causes of action set forth in the Complaint by the doctrine of estoppel, because Plaintiff represented that the business set forth in the Term Sheet was being assigned and that Defendant did not have to pay the amounts alleged to be due until either: Defendant secured customer contracts, the work contemplated by the Term Sheet was done or a third party took over the business set forth in the Term Sheet.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges Plaintiff has failed, refused, and/or neglected to take reasonable steps to mitigate its alleged damages, if any exist, thus barring or diminishing Plaintiff's recovery under the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges Plaintiff failed to execute a promise, the performance of which was exchanged for performance by the other party. The fees for which Plaintiff seeks payment were to be paid in exchange for maintaining exclusive rights that Defendant could no longer use seeing as Plaintiff represented it intended to move the business set

forth in the Term Sheet to a third party and no other consideration was ever provided.

## EIGHT AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

As a separate and eight affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that if the Term Sheet was not effectively terminated, its purpose was frustrated when unexpected actions by Plaintiff and a third party prevented Defendant from receiving the benefit of Plaintiff's performance.

## NINTH AFFIRMATIVE DEFENSE

### (Modification of Contract)

As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges to the extent that the Term Sheet is construed as a binding contract that called for Defendant to make payments to Plaintiff irrespective of Plaintiff providing any goods or services, the parties modified the contract when they agreed that payments would be made only in conjunction with contracts secured or work done and, later that a third party would be solely responsible for obligations on the contract to Plaintiff.

## TEN AFFIRMATIVE DEFENSE

### (Cancelation of Contract)

As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that to the extent the Term Sheet is construed as a binding contract, the parties terminated the contract before payment was due or there was satisfaction of any debt owing.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff would provide services as part of the NRE Projects for which it would be paid in satisfaction of the NRE Reservation Fee, and that subsequently those NRE Projects were a condition precedent to any obligation of Defendant to pay Plaintiff, and that no such services were provided.

## ADDITIONAL DEFENSES

1. Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by reason of its Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

2. That Defendant be awarded such attorneys' fees and costs as it may be entitled to; and

3. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury.

DATED: July 2, 2021                COBLENTZ PATCH DUFFY & BASS LLP

By:     /s/ *Stan Roman*
STAN ROMAN
Attorneys for Defendant
PRICEWATERHOUSE COOPERS ADVISORY
AUSTRALIA PTY LTD